[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15633
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00546-CV-2-MEF

GARY CREMEENS,
individually and on behalf of
all others similarly situated,
DOYLE CAMPBELL,
LLOYD COLEMAN,
LARRY MCNEIL,
WILLIAM FULTON,
CECIL GUTHRIE,
MARK WILLIAMS,
DARYL BRYANT,

Plaintiffs-Appellants,

versus

THE CITY OF MONTGOMERY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 5, 2010)

Before HULL, WILSON and FARRIS,[*] Circuit Judges.

WILSON, Circuit Judge:

The Appellants, fire investigators for the City of Montgomery's fire department, appeal the dismissal via summary judgment of their collective action seeking overtime pay from the city. Their appeal raises the question of the continuing validity of the Department of Labor's dual assignment regulation, which addresses overtime for firefighters who perform law enforcement duties. We conclude that the regulation remains valid. Therefore, we reverse the judgment of the district court.

## I.

Plaintiff Gary Cremeens, like his fellow plaintiffs, worked as a firefighter before becoming a fire investigator. He obtained the basic firefighting training required for all firefighters for the city. Firefighters must graduate from city and state fire suppression colleges. The city currently requires fire investigators like Cremeens to perform firefighting drills every month, and spend some time on firefighting duty every year.

Fire investigators investigate fires involving loss of life, arson and other

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

crimes, and multiple fire alarms. They gather physical evidence, interview witnesses, interrogate suspects, and testify in court. They have the power to make arrests without first calling the Montgomery police department. Candidates for the job of fire investigator must graduate from state and national fire investigation academies; graduate from the Montgomery police academy; and be certified by the state as a peace officer. Candidates also must pass continuing education and firearms qualifications.

Cremeens holds the rank of lieutenant in the fire investigations division of the city fire department. The department also comprises the fire suppression and medic divisions. All the plaintiffs previously worked in the fire suppression division. Cremeens works a twenty-four-hour shift that is followed by forty-eight hours off. While working, he has to stay at the station on call, although he is free to occupy himself as he wishes between ten p.m. and six a.m. of the nights he is working. Once every two weeks, he does nighttime safety inspections of Montgomery bars and nightclubs, checking exits and occupancies.

Cremeens is required to respond to the scene of very serious fires. He must keep a full set of firefighting gear in his duty vehicle. If a scene officer orders him to help fight a fire, he must obey or else face discipline. He also has the responsibility to engage in firefighting in other emergency situations. However, an

assistant fire chief admitted in a deposition for Cremeens's lawsuit that the majority of the fire investigators' duties are law enforcement duties and that the plaintiffs spend the majority of their time doing investigative work.

In 2008, Cremeens filed suit, seeking overtime under the Fair Labor Standards Act (FLSA). Seven current and former colleagues opted to join him in the litigation. The district court certified the case as a collective action. The city moved for summary judgment on the plaintiffs' claim that they were owed overtime as law enforcement officers rather than as firefighters.

On October 7, 2009, the district court granted the city summary judgment. The district court found that a Congressional statute redefining the position of firefighter had made clear the plaintiffs' status as firefighters, and moreover that the statute made obsolete an earlier U.S. Department of Labor (DOL) regulation addressing fire investigator overtime. The district court entered judgment for the city and taxed costs against the plaintiffs. The plaintiffs timely appealed.

We review a "grant of summary judgment *de novo*, applying the same legal standards as the district court." *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 911 (11th Cir. 2007). "Summary judgment is proper if, when viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*

4

In construing a statute we must begin, and should often end, with the language of the statute itself. *Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209, 1212 (11th Cir. 2005) (citation omitted). We apply the canons of construction to regulations as well as to statutes. *See Miami Heart Inst. v. Sullivan*, 868 F.2d 410, 413 (11th Cir. 1989). If a regulation conflicts with a statute, the statute controls. *United States v. Marte*, 356 F.3d 1336, 1341 (11th Cir. 2004).

## II.

The FLSA, 29 U.S.C. § 201 *et seq.*, requires employers to pay employees at the enhanced rate of time-and-a-half when their workweek exceeds 40 hours. 29 U.S.C. § 207(a)(1). Among the many exceptions to this rule are ones for public agencies engaged in fire protection and law enforcement. *Id.* § 207(k). Under a "partial exemption," a public employer does not owe overtime to an employee engaged in law enforcement activities until he works more than 86 hours per two-week period. 29 C.F.R. § 553.230. The analogous figure for an employee engaged in fire protection activities is 106 hours. *Id.* Cremeens and his fellow appellants seek to bridge this gap, and be paid overtime under the lower threshold.

Until 1999, a DOL regulation, 29 C.F.R. § 553.210, titled "Fire protection activities," answered the question of which employees qualified as firefighters for purposes of the 106-hour overtime threshold. That year, Congress passed a new

5

statutory definition, 29 U.S.C. § 203(y) ("§ 203(y)"):

> (y) "Employee in fire protection activities" means an employee, including a firefighter, paramedic, emergency medical technician, rescue worker, ambulance personnel, or hazardous materials worker, who–
> (1) is trained in fire suppression, has the legal authority and responsibility to engage in fire suppression, and is employed by a fire department of a municipality, county, fire district, or State; and
> (2) is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk.

In the wake of Congress's passage of § 203(y), the DOL did not revise its related overtime regulations for firefighters.

In 2008, in *Huff v. DeKalb County*, 516 F.3d 1273, 1278 (11th Cir. 2008), a panel of our Court concluded that § 203(y) rendered obsolete the former regulatory definition of fire protection activities at 29 C.F.R. § 553.210, as well as that regulation's "subsidiary regulation," the so-called "80/20 rule" of 29 C.F.R. § 553.212. In *Huff*, a group of county fire paramedics sued for overtime. Although they all had been trained to fight fires, were issued firefighting ("turn-out") gear, and actually had to step into the fire line if ordered to do so on the scene by a supervisor, the plaintiffs spent most, if not all, their time working as paramedics, not firefighters. They claimed they were entitled to additional overtime pay under the 80/20 regulation. That rule stated that "[a] person who

spends more than 20 percent of his/her working time in nonexempt activities is not considered to be an employee engaged in fire protection or law enforcement activities for purposes of this part." 29 C.F.R. § 553.212(a).

Yet, our Court concluded that for overtime purposes the paramedics should be treated as firefighters. The paramedics fell within the new definition of firefighter at § 203(y), the Court stated. Section 203(y) was a "streamlined" definition, designed to simplify the question of which fire employees qualified for the 86-hour overtime ceiling. *Huff*, 516 F.3d at 1278. The Court observed that this simpler definition would not work "if Congress intended it to pile onto already confusing and complicated regulations." *Id.* Accordingly, the Court held that the new statutory definition of fire protection activities had rendered obsolete the old regulatory definition of fire protection activities, as well as the regulation imposing the 80/20 rule.

Later in 2008, this Court decided the case of *Gonzalez v. City of Deerfield Beach*, 549 F.3d 1331, 1334 (11th Cir. 2008), a case that described itself as on "all fours" with *Huff*. Again, the plaintiffs were paramedics trained in fire suppression who were seeking non-firefighter overtime status. The panel reaffirmed the holding that Congress's passage of § 203(y) "rendered § 553.212 and the 80/20 Rule in § 553.212 obsolete." *Id.* at 1336.

The precise question of this appeal is whether § 203(y) also renders obsolete a third DOL regulation, the "dual assignment" provision of 29 C.F.R. § 553.213 (the "dual assignment regulation"), which controls public agency payments of overtime to employees who perform both fire protection and law enforcement activities. We conclude that it does not.

III.

Cremeens bases his claim for overtime on the dual assignment regulation, which the DOL promulgated in 1987[1]:

> **§ 553.213 Public agency employees engaged in both fire protection and law enforcement activities.**
>
> (a) Some public agencies have employees (often called "public safety officers") who engage in both fire protection and law enforcement activities, depending on the agency needs at the time. This dual assignment would not defeat either the section 13(b)(20) or 7(k) exemption, provided that each of the activities performed meets the appropriate tests set forth in §§ 553.210 and 553.211. This is so regardless of how the employee's time is divided between the two activities. However, all time spent in nonexempt activities by public safety officers within the work period, whether performed in connection with fire protection or law enforcement functions, or with neither, must be combined for purposes of the 20 percent limitation on nonexempt work discussed in § 553.212.

---

[1] The DOL promulgated this regulation and related ones to implement amendments Congress made to the FLSA in 1985 in the wake of the Supreme Court's decision in *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 557 (1985), which held that the FLSA could be constitutionally applied to state and local governments. Application of the Fair Labor Standards Act to Employees of State and Local Governments, 52 Fed. Reg. 2012, 2012 (Jan. 16, 1987).

(b) As specified in § 553.230, the maximum hours standards under section 7(k) are different for employees engaged in fire protection and for employees engaged in law enforcement. *For those employees who perform both fire protection and law enforcement activities, the applicable standard is the one which applies to the activity in which the employee spends the majority of work time during the work period*.

29 C.F.R. § 553.213 (italics added). This provision is sometimes known as the dual assignment regulation in view of the language in § 553.213(a). As the italicized portion indicates, the regulation says that when an employee qualifies both as fire protection and law enforcement personnel, he receives overtime according to the rules for the activity taking up the majority of his working time.

The district court found that *Huff* and *Gonzalez* rendered the dual assignment regulation obsolete. We reverse the district court for two reasons. First, nothing in the text of § 203(y) bars the dual assignment formula of § 553.213(b). Second, the dual assignment regulation does not by its text operate to alter § 203(y)'s definition of an employee in fire protection activities. We refer to each section in turn.

*A. Section 203(y) Does Not Touch on the Dual Assignment Regulation*

Nothing in the plain language of § 203(y) purports to change the existing administrative treatment of dual assignment employees. Specifically, it does not on its face strike down the dual assignment regulation, refer to dual assignment in

9

any way, or suggest how overtime is to be paid.[2]  As its title aptly indicates,

§ 203(y) simply defines who is an "[e]mployee in fire protection activities."[3]  At

oral argument, the plaintiffs conceded that they satisfied this definition.  We

conclude that § 203(y) only defines who is an employee in fire protection

activities.

B.  *The Dual Assignment Regulation Does Not Alter § 203(y)'s Definition*

Similarly, because the plain language of the dual assignment regulation does

not purport to alter § 203(y)'s definition of an employee engaged in fire protection

activities, it skirts the province of § 203(y) and does not conflict with it.  The

simpler reading of the dual assignment regulation is that it dictates how to apply

the overtime rules to those employees who have *already satisfied* the definitions

both for fire protection and law enforcement.  The dual assignment regulation does

no defining.  It is fair to say that while § 203(y) defines, the dual assignment

---

[2]  We note as an aside that § 203(y) contains a non-exclusive list of job titles "including" paramedic, emergency medical technician, rescue worker, and ambulance personnel.  Those job descriptions were the ones at issue in *Huff* and *Gonzalez*.  While the list is, to be sure, non-exclusive, those job titles naturally strengthened § 203(y)'s effect on the issues of *Huff* and *Gonzalez*.  The § 203(y) list however makes no reference to fire investigator, arson investigator, or law enforcement.  Again, while underlining the recognition that this list is non-exclusive, and that therefore the canon of *expressio unius est exclusio alterius* does not apply, we note that the text of § 203(y) in this regard speaks less directly to the issue of the instant case than it did to the issues of *Huff* and *Gonzalez*.

[3]  This rather obvious conclusion is underscored by the title of 29 U.S.C. § 203: "Definitions."  *Cf. Doe v. GTE Corp.*, 347 F.3d 655, 660 (7th Cir. 2003) (reading a statutory provision as a definition rather than an immunity to preclude a conflict between the statute's title and text).

10

regulation applies.

This analysis explains why our well-reasoned precedents in *Huff* and *Gonzalez* do not control here. For one, neither of those cases addressed the dual assignment regulation. Rather, those cases held that the regulatory definition of fire protection activities and the 80/20 rule by their texts purported to alter § 203(y)'s definition of an employee engaged in fire protection activities. The 80/20 rule stated, after all, that "[a] person who spends more than 20 percent of his/her working time in nonexempt activities *is not considered to be an employee engaged in fire protection* or law enforcement activities for purposes of this part." 29 C.F.R. § 553.212(a) (emphasis added). Therefore the regulations had to yield to the statute, and were deemed obsolete. And lastly, the analysis in *Huff* and *Gonzalez* centered on whether the plaintiffs there satisfied § 203(y)'s requirement for a "responsibility" to fight fires. Here, the plaintiffs have already conceded § 203(y) applies to them.

The city nevertheless urges us to apply a broader interpretation of *Huff* and *Gonzalez* to this case—to conclude that § 203(y) mandates, without exception, firefighter overtime for anyone who fits the statute's definition of firefighter. The city argues that the dual assignment regulation must fall because it creates an exception to § 203(y). It essentially claims that what the 80/20 regulation did

11

through its text, the dual assignment regulation does in its effect. Therefore, concludes the city's argument, the dual assignment regulation poses a "direct conflict" to the operation of § 203(y). The district court adopted this line of reasoning, concluding that 29 C.F.R. § 553.213(b) "further refined" § 203(y)'s definition of an employee in fire protection activities in the same way the 80/20 rule did. Mem. Op. and Order 12. The district court concluded that the dual assignment regulation posed an "inherent conflict" with § 203(y). *Id.* 13.

We find no conflict between § 203(y) and the dual assignment regulation, and we reject the broader reading of *Huff* and *Gonzalez* that the city urges. The plain words of the regulation create no problematic interaction with the statute, in the way the regulations at issue in *Huff* and *Gonzalez* did. Therefore those cases do not control the outcome here.

We also note that in order to effectuate the FLSA, Congress, in passing § 203(y), clearly relied on the existence and operation of numerous pre-existing DOL regulations. One such regulation, by way of example, is regulation 29 C.F.R. § 553.230, which specifies the numerical overtime ceilings for firefighters and law enforcement employees. It is not unreasonable to conclude that Congress, in passing § 203(y), was also aware of the dual assignment regulation, implicitly

12

relied on it, and thereby ratified its continuing application.[4]

One last issue bears addressing. The district court identified a second ground for finding the dual assignment regulation obsolete: the dual assignment regulation invokes the obsolete regulations for fire protection activities and the 80/20 rule. However, we do not find such citation, by itself, disabling. Rather, it is easy to read the dual assignment regulation as importing and applying § 203(y)'s updated statutory definition of an employee in fire protection activities as seamlessly as it once applied the now-obsolete regulatory definition. And, the mention of the 80/20 rule in 29 C.F.R. § 553.213(a) has no bearing on the operation of the dual assignment provision in 29 C.F.R. § 553.213(b).

IV.

We reverse the judgment of the district court and remand this case for

---

[4] When Congress adopts a new law incorporating sections of a prior law, it is presumed to be aware of existing administrative regulations interpreting the prior law. *See Lorillard v. Pons*, 434 U.S. 575, 580–81 (1978). Moreover, Congress's silence in the face of a regulation may sometimes be interpreted as acquiescence. *Haig v. Agee*, 453 U.S. 280, 300 (1981) (citation omitted). Courts extend *Chevron* deference to an agency's permissible interpretation of an ambiguous enabling statute to the extent Congress delegated rulemaking authority to the agency. *Gonzales v. Oregon*, 546 U.S. 243, 255–56 (2006) (citation omitted). The Eleventh Circuit extends *Chevron* deference to DOL regulations interpreting § 207(k). *Falken v. Glynn County*, 197 F.3d 1341, 1346 (11th Cir. 1999). Of course, the dual assignment regulation at issue here receives no *Chevron* deference with respect to § 203(y) because the DOL promulgated it twelve years before Congress passed § 203(y). An agency cannot interpret a statute that does not exist. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842–45 (1984). The dual assignment regulation arguably deserves respect with regards to the balance of the pre-§ 203(y) FLSA, thanks to its twenty-plus years of existence. *See generally* 2B Norman J. Singer et al., *Sutherland Statutes and Statutory Construction* § 49:7, at 119–24 (7th ed. 2008).

further proceedings consistent with this opinion.[5] We also direct the district court to conduct a careful review of whether the plaintiffs meet the regulatory definition of law enforcement activities at 29 C.F.R. § 553.211.[6] Meeting this definition is of course the other prerequisite for application of the dual assignment regulation.

**REVERSED AND REMANDED.**

---

[5] In light of our holding today, we do not reach the second question advanced by the plaintiffs on appeal: whether the way in which they spend the majority of their working time is a jury question.

[6] This question was, understandably, glossed over in view of the other issues at play in this appeal, but it deserves careful consideration. The city at oral argument stated it did not believe the plaintiffs met the test. We note that 29 C.F.R. § 553.211(c) seems to suggest case-by-case analysis for certain employees—fish and game wardens were one example given—who perform law enforcement duties for an employer that is not an ordinary municipal police department.